IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGELO KARAGELIDIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs ) | Civil Action # 05-CV-11846-NG |
| ) | |
| U.S. DEPARTMENT OF JUSTICE,[1] ) | |
| ) | |
| Respondent. ) | |

RESPONDENT'S MOTION FOR A SIXTY DAY EXTENSION TO THE TIME TO
FILE AN ANSWER OR OTHER RESPONSIVE PLEADING
UNTIL JAUNARY 20, 2006

Now comes the Respondent to request that the time to file an answer or otherwise respond be extended sixty days, until January 20, 2006. There have been no prior extensions.

By way of background, the petitioner in this matter was sentenced to 84 months in prison in the United States District Court for the District of Vermont in 2002, for conspiracy to distribute ecstasy. The instant Petition is filed pursuant to 28 U.S.C. § 2241 (not 2255). Petitioner does not challenge his conviction or sentence, but instead, seeks an order directing BOP to disregard certain facts contained in the Pre-Sentencing Report in assigning his custody classification. Petitioner contends that the classification of his crimes as a "greatest severity offense," denies him the opportunity to benefit from

---

[1] The Respondents initially note that the instant Petition is subject to dismissal for failure to name the correct Respondent. Rumsfeld v. Padilla, 124 S.Ct. 2711, 2717-18 (2004) ("the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'")(quoting 28 U.S.C. § 2242). In this matter, the appropriate respondent would be David Winn, Warden of FMC-Devens.

"reduced custody level points" and, therefore, deprives him of the opportunity to shorten his sentence.

In support of the motion, the Respondent states that the requested extension is reasonably necessary to investigate the petitioner's claims and to respond to the petition.

WHEREFORE, the Defendants request that the time to file an answer or otherwise respond be extended until January 20, 2006.

> Respectfully submitted,
> MICHAEL J. SULLIVAN
> United States Attorney
>
> /s/ Mark J. Grady
> MARK J. GRADY
> Assistant U.S. Attorney
> U.S. Attorney's Office
> John Joseph Moakley U.S. Courthouse
> 1 Courthouse Way, Suite 9200
> Boston, MA  02210
> Tel. No. (617) 748-3136

### Certificate of Compliance

The Respondent takes the position that the rule requires "counsel" to confer. As Petitioner is pro se, the rule is inapposite. Alternatively, as the Petitioner is an inmate confined to the custody of the Bureau of Prisons, Respondent requests leave to file the instant motion without a conference.

> /s/ Mark J. Grady
> Mark J. Grady
> Assistant United States Attorney

### Certificate of Service

IT IS HEREBY CERTIFIED that on this 3nd day of November 2005, service of the foregoing Motion has been made upon the following by depositing a copy in the United States mail, postage prepaid to, Angelo Karagelidis, #22989-038. FMC-Devens, PO Box 879, Ayer MA 01432.

> /s/ Mark J. Grady
> Mark J. Grady
> Assistant United States Attorney